Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| NATHANAHEL ARROYO MARTÍNEZ<br><br>Apelante<br><br><br>v.<br><br><br>DEPARTAMENTO DE JUSTICIA<br><br>Apelada | TA2026AP00337 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2026CV00190 (Salón 907)<br><br>Sobre: Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública (Ley Núm. 141-2019) |

Panel especial integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2026.

Comparece, por derecho propio, el señor Nathanahel Arroyo Martínez mediante recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 3 de marzo de 2026. En dicho dictamen, se desestimó la demanda de epígrafe por ser académico. Por los fundamentos que expresaremos, revocamos la *Sentencia* apelada.

En síntesis, el 30 de octubre de 2024, el Departamento de Justicia recibió una querella del apelante en contra del alcalde de Isabela, el Hon. Miguel E. Méndez Pérez, toda vez que este último alegó que el señor Arroyo Martínez había violado una orden de protección que el mandatario tenía en su contra desde el año 2022. Investigado el caso, el Departamento de Justicia concluyó que no existe causa suficiente para

creer que dicho alcalde haya incurrido en posible conducta delictiva. Ante ello, el señor Arroyo Martínez presentó una solicitud de información al amparo de la Ley Núm. 141-2019 (3 LPRA sec. 9911 *et seq.*), pidiendo que se le remitiera una variedad de documentos.

Recibida la petición, el Departamento de Justicia inicialmente aprobó la divulgación de los documentos que existían en sus récords, entre los cuales incluyó una copia del *Informe Preliminar* del caso y dos (2) de las seis (6) declaraciones juradas solicitadas, ya que, según el Departamento de Justicia, el resto de dichas declaraciones no existen. Además, esta agencia explicó que la solicitud sobre cualquier nota, memorando u opinión legal emitida por el personal del Panel sobre el Fiscal Especial Independiente (PFEI), deberá hacerse ante dicho Panel. No obstante, tal agencia enmendó su decisión para clarificar que no podrían entregar copia del Informe Preliminar, al amparo del Artículo 13 de la Ley Núm. 205-2004 (3 LPRA sec. 292j), Reglamento para la Evaluación y Procesamiento Expedito de las Solicitudes de Información Pública Bajo la Custodia del Departamento de Justicia, Reglamento Núm. 9446 de 29 de marzo de 2023, y la Ley Núm. 122-2019 (3 LPRA sec. 9891 *et seq.*). En todos los documentos entregados, se excluyó la información privilegiada o confidencial.

Inconforme, el apelante presentó una demanda contra el Departamento de Justicia por la agencia haber provisto información incompleta y llena de tachones, y especificó que se le fue entregado el *Informe Preliminar* con alteraciones materiales, al igual que no se le dispuso de la declaración jurada de su esposa, la señora Yasmín Acosta Román. En respuesta, el Departamento de Justicia solicitó la desestimación de la demanda, toda vez que la agencia produjo toda la

información no confidencial que mantenía en su poder, por lo cual cumplió su deber ministerial, además de enfatizar que el *Informe Preliminar* es confidencial en virtud de los estatutos antes referidos y también de la Ley Núm. 2 de 23 de febrero de 1988 (3 LPRA sec. 99h *et seq.*).

Posteriormente, el Departamento de Justicia presentó una *Moción de Desestimación* y alegó que el caso de epígrafe no es justiciable, ya que la agencia ya le envió al apelante la información disponible y no confidencial. Además, presentó una *Certificación Negativa* de la División de Integridad Pública y Oficina de Asuntos del Contralor, en la cual se confirmó que, en sus registros, no obran varias declaraciones juradas que el apelante solicitó, incluyendo la de su esposa, ya que estas personas fueron meramente entrevistadas por un fiscal auxiliar, como parte de la investigación preliminar llevada a cabo por dicha División. Ante esta última aseveración, el señor Arroyo Martínez nunca presentó alguna declaración jurada u otra evidencia de que su esposa haya declarado bajo juramento durante la investigación.

Luego de la parte apelante replicar y de celebrarse una vista oral en la mañana del 20 de febrero de 2026, en esta última fecha, a las 8:37 p.m., la parte apelada presentó su dúplica a la réplica antes mencionada. El 3 de marzo de 2026, el Tribunal apelado desestimó la demanda del señor Arroyo Martínez por haberse tornado académica, toda vez que el Departamento de Justicia produjo la información disponible y no confidencial del que fue requerido. Ante la solicitud de reconsideración del apelante, el Tribunal apelado resolvió sin lugar.

Insatisfecho, el apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) permitir que el Departamento

de Justicia entrase un escrito el mismo día de la vista sin que se le hubiera permitido al apelante responder a ello; (2) no determinar la necesidad de una vista probatoria; (3) determinar que la controversia se tornó académica; (4) convertir una vista argumentativa a una de hechos a fin de decidir optando en un ejercicio de fe por lo narrado por la representación legal de la agencia; y (5) no solicitar los documentos para sostener un examen a fin de determinar en cámara si es cierto que los documentos o información que el Estado alega, existen o no, y si son privilegiados. Presentada la oposición del Departamento de Justicia, resolvemos.

Vale recordar que unos de los fundamentos para solicitar la desestimación de una demanda es que esta no expone una reclamación que justifique la concesión de un remedio. Regla 10.2(5) de Procedimiento Civil, *supra*. Ante este planteamiento, la desestimación solo procede cuando se demuestra que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que se pueda probar. *Rivera Candela et al. v. Universal Insurance Company*, 214 DPR 1007 (2024) (citando a *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384 (2022)). Por ello, se debe considerar los hechos bien alegados de la manera más favorable al demandante, y al resolver toda duda a favor de éste, si la demanda es suficiente para constituir una reclamación válida. Íd. (citando a *Cobra Acquisitions v. Mun. de Yabucoa et al.*, *supra*; *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022)). No obstante, la solicitud de desestimación se dirige únicamente a los méritos de la controversia y no a los aspectos procesales del caso. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70

(2023) (citando a *Montañez et al. v. Hosp. Metropolitano*, 157 DPR 96 (2002)).

Igualmente cabe destacar que un caso se convierte en académico cuando durante el trámite judicial ocurren cambios fácticos o judiciales que tornan en académica o ficticia su solución. *Super Asphalt Pavement v. AFI et al.*, 206 DPR 803 (2021) (citando *Amador Roberts et al. v. ELA*, 191 DPR 268 (2014)). Por ello, un caso es académico cuando se trata de obtener un fallo sobre una controversia inexistente o una sentencia que, por alguna razón, no podrá tener efectos prácticos. Íd. (citando a *Amador Roberts et al. v. ELA*, *supra*). A esos efectos, un foro judicial carece de jurisdicción para atender un recurso que adolece de academicidad y tal debe abstenerse de considerar los méritos de ese caso. *Super Asphalt Pavement v. AFI et al.*, *supra* (citando a *CEE v. Dpto. de Estado*, 134 DPR 927 (1993); *Amador Roberts et al. v. ELA*, *supra*).

Ahora bien, los ciudadanos poseen un derecho al acceso a la información pública, por lo cual toda persona podrá examinar el contenido de los expedientes, informes y documentos que hayan sido recopilados por el gobierno de Puerto Rico durante sus gestiones gubernamentales. *Kilómetro 0, Inc. v. Pesquera López*, 207 DPR 200 (2021) (citando a *Trans Ad. de PR v. Junta de Subastas*, 174 DPR 56 (2008); *Ortiz v. Dir. Adm. de los Tribunales*, 152 DPR 161 (2000); *Soto v. Srio. de Justicia*, 112 DPR 477 (1982)). De esta manera, se facilitará la libre discusión de los asuntos gubernamentales y el ejercicio pleno de la libre expresión al amparo de nuestra Constitución. Íd. (citando a *Colón Cabrera v. Caribbean Petroleum*, 170 DPR 582 (2007)). Véase Art. II, Sec. 4, Const. ELA, LPRA, Tomo 1. A pesar de este derecho

emanar de la nuestra Constitución, el Tribunal Supremo de Puerto Rico ha reconocido que la política pública de la *Freedom of Information Act*, 5 USC sec. 552, permite a este Tribunal utilizar la jurisprudencia sobre dicha ley como fuente ilustrativa. Véase *López Nieves v. Policía de PR*, 118 DPR 219 (1987); *Soto v. Srio. de Justicia*, 112 DPR 477 (1982).

Claro, la información que se solicita debe ser de naturaleza pública, que incluirá todo documento que se origine, conserve o reciba de forma rutinaria en cualquier dependencia del gobierno de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos, y que se tenga que conservar permanente o temporalmente como prueba de las transacciones por su utilidad administrativa, valor legal, fiscal, cultural o informativo, o que se vaya a destruir por carecer de alguno de los referidos valores. Art. 3(p) de la Ley Núm. 107-2025; Art. 4 de la Ley Núm. 141-2019 (3 LPRA sec. 9914). Entre estos, se incluye toda información que surgiere del ejercicio de la autoridad pública o como producto de empleo de recursos públicos y aquella documentación que se encuentre bajo la custodia de un tercero. Íd.; Art. 3(c) de la Ley Núm. 122-2019 (3 LPRA sec. 9893); Art. 6 Reglamento Núm. 9446 de 29 de marzo de 2023. Véase, también, *Kilómetro 0, Inc. v. Pesquera López*, *supra*.

De manera excepcional, el Gobierno podrá reclamar que se preserve la confidencialidad de cierta información pública si (1) una ley así lo declara; (2) la comunicación está protegida por algún privilegio probatorio; (3) la divulgación de la información oficial puede lesionar derechos fundamentales de terceros; (4) se trata de un confidente; o (5) es información oficial. Art. 4 de la Ley Núm. 122-2019 (3 LPRA sec. 9894); *Kilómetro 0, Inc. v. Pesquera López*, *supra* (citando a *Santiago*

*v. Bobb y El Mundo, Inc.*, 117 DPR 153 (1986)). Será considerada como excepción a la divulgación de datos públicos el que la información se base en comunicaciones internas entre dependencias, o que involucre el sumario del ministerio público, el cual es privilegiado, el *work product* que obre en el expediente, o que contenga información y/o documentación relacionada a una investigación en curso. Art. 4 de la Ley Núm. 122-2019, *supra*.

Dicho lo anterior, toda decisión de denegar la divulgación de información pública tiene que especificar por escrito los fundamentos jurídicos de los cuales se basa. Art. 7 de la Ley Núm. 141-2019 (3 LPRA sec. 9917). Ante tal denegación, o a la falta de divulgación dentro del término establecido o su prórroga, el peticionario tendrá derecho a presentar, por derecho propio o a través de su representación legal, un Recurso Especial de Acceso a Información Pública ante el Tribunal de Primera Instancia, Región Judicial de San Juan. Íd., sec. 9919. De entender que las circunstancias particulares del caso y la información solicitada así lo requieren, tal foro tendrá que celebrar una vista dentro del término de tres (3) días laborables de recibir la contestación de la entidad gubernamental. Íd.

Por otro lado, el Secretario de Justicia llevará a cabo una investigación preliminar en todo caso en que obtenga información bajo juramento que, a su juicio, constituya causa suficiente para investigar si un funcionario gubernamental cometió algún delito grave o menos grave, al igual que cualquier delito contra los derechos civiles, la función pública o el erario. Art. 4 de la Ley Núm. 2 de 23 de febrero de 1988 (3 LPRA sec. 99k). Dicha investigación será confidencial, se mantendrá en un expediente investigativo y solamente será permitida

su divulgación una vez concluida el proceso. Art. 13 de la Ley Núm. 205-2004, *supra*. A manera de excepción, el Secretario de Justicia no podrá divulgar la información recopilada luego de dar por terminado la investigación, cuando surja (1) una ley o reglamento que declare la confidencialidad de la información; (2) que la revelación de la información podrá lesionar los derechos fundamentales de terceros; (3) que la comunicación está protegida por alguno de los privilegios probatorios que puedan invocar los ciudadanos; (4) la identidad de un confidente; (5) que es información oficial; o (6) que se revelará técnicas o procedimientos investigativos. Íd. Esto existe bajo la premisa de que el tribunal adjudicador determinará la existencia de confidencialidad luego de un análisis en cámara de la documentación o información que el Estado alega ser evidencia privilegiada, más la totalidad de las circunstancias. Véase *Upjohn Co. v. US*, 449 US 383 (1981); *US v. North American Reporting, Inc.*, 740 F.2d 50 (D.C. Cir. 1984); *Colón Cabrera v. Caribbean Petroleum*, 170 DPR 582 (2007); *Santiago v. Bobb y El Mundo, Inc.*, 117 DPR 153 (1986).

Si se concluyera que el caso evaluado por el Departamento de Justicia amerita una investigación más a fondo, el PFEI podrá nombrar un Fiscal Especial. Art. 11 de la Ley Núm. 2 de 23 de febrero de 1988 (3 LPRA sec. 99r). Así seleccionado, el Fiscal Especial tendrá jurisdicción exclusiva—y libre de la supervisión o autoridad de los funcionarios o agencias del Gobierno, salvo que esté dispuesto en lo contrario en la ley—para investigar y procesar aquellas acciones penales contendidas dentro de la encomienda. Íd., secs. 99t, 99u.

Así las cosas, todo informe final del Fiscal Especial será público y contendrá una descripción completa y detallada de las gestiones

realizadas, los casos investigados y tramitados, y las razones por las cuales decidió no incoar alguna acción sobre conducta o hechos relacionados con la investigación encomendada. Íd., sec. 99v. No obstante, el Fiscal Especial no podrá divulgar, excepto al Panel, cualquier información obtenida durante el curso de su investigación con anterioridad a la radicación del informe final. Íd. 99w. El PFEI, de su parte, no podrá presentar la información que le haya sido sometida y prohibirá el acceso del público a los procesos que ventile, excepto cuando (1) no interfiera indebidamente con alguna acción judicial o investigación pendiente; (2) no prive a la persona del derecho a un juicio justo o a una sentencia imparcial; (3) no constituya una intromisión irrazonable en la privacidad; (4) no revele la identidad de una fuente confidencial de información; (5) no exponga al público técnicas o procedimientos investigativos que afecten el curso de estas investigaciones; y (6) no exponga la vida o seguridad física de funcionarios, personas o testigos. Íd.

Por último, los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. *In re Collazo I,* 159 DPR 141 (2003). El funcionamiento efectivo de nuestro sistema judicial y la más rápida disposición de los asuntos litigiosos requieren que nuestros jueces de instancia tengan gran flexibilidad y discreción para trabajar con el diario manejo y tramitación de los asuntos judiciales. Íd.; *Pueblo v. Vega, Jiménez*, 121 DPR 282 (1988). En tal sentido, procede que este Tribunal de Apelaciones se abstenga de intervenir con el manejo del caso efectuado por el Tribunal de Primera Instancia, salvo en presencia de prejuicio, parcialidad, craso abuso de discreción o error en

la aplicación de una norma procesal o de derecho sustantivo. *Rivera y otros v. Banco Popular,* 152 DPR 140 (2000). Asimismo, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA. Ap. XXII-B, establece los "[c]riterios al determinar la expedición de un auto de certiorari" que debemos observar en estos casos.

En el presente caso, el Tribunal de Primera Instancia erró al desestimar la demanda de epígrafe. Nuestro ordenamiento dispone que el *Informe Preliminar* del Departamento de Justicia podrá divulgarse luego de concluida la investigación, excepto que se cumplan ciertos criterios de confidencialidad o privilegio que requieren exegesis fundamentada en la prueba de parte del foro apelado acerca del contenido del referido informe. Por tanto, resolvemos que la demanda no es académica, sino que requiere el examen forense adecuado de parte del Tribunal de Primera Instancia a fin de determinar la divulgación o existencia de excepciones que la desaconsejen. En consecuencia, ordenamos la devolución del caso a dicho Tribunal para que evalúe el documento en cuestión y determine divulgación o si el mismo cumple con alguna de las excepciones dispuestas en el Art. 13 de la Ley Núm. 205-2004, *supra*.

En cuanto a la solicitud del apelante de que se le entregue toda nota, memorando u opinión legal emitida por el personal del PFEI, es evidente que dicha petición debe presentarse ante tal entidad, ya que estos son custodios de los referidos documentos. Asimismo, la omisión del apelante en presentar alguna evidencia sobre la existencia de ciertas declaraciones juradas justifica no intervenir con la determinación del Tribunal apelado en concederle credibilidad a la *Certificación Negativa* del Departamento de Justicia. Por último, tampoco intervendremos con

la decisión del Tribunal apelado de no conceder espacio al apelante para responder a una dúplica como parte del manejo de su caso.

Por los fundamentos expresados, revocamos la *Sentencia* apelada en el extremo expuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones